ROMEO et al. v. GRAPPONE et al.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

CONTRACTS (§ 198*)—BUILDING CONTRACT—CONSTRUCTION.

     A building construction contract, which provided for the payment of a certain sum by the owners upon the completion of the house, "$300 to be allowed to us from said price for foundation walls to be built by us," did not cover the work of constructing the foundation walls, but, when unexplained, left with the owners the responsibility of their construction.

     [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 861–883; Dec. Dig. § 198.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Gelsomino Romeo and another against Frank A. Grappone and another. From judgment for defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Holmes Jones, of New York City, for appellants.
Henry K. Davis, of New York City, for respondents.

LEHMAN, J. The plaintiffs sued for the value of work, labor, and materials furnished to defendants in building foundation walls of a house. The defendants deny that they employed the plaintiffs for this purpose, and claim that they had absolutely nothing to do with this work on the foundation, as the entire work was covered by a general

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

contract for the erection of the house, made with the firm of Conti & Venuti. Conti &.Venuti deny that the foundation work was covered by the general contract, and claim that they made an allowance for the foundation walls. The contract for the house between Conti & Venuti and the defendants was then introduced in evidence, and it provides for a payment by the defendants of $5,500 upon the completion of the house, "*$300 to be allowed to us from said price for foundation walls to be built by us.*" No explanation is presented of this clause of the contract, and I am unable to reconcile it with the defendants' claim that they had nothing to do with the work on the foundation walls, which was covered by the general contract.

While the trial justice has had the advantage of seeing the witnesses, and his determination of the facts would therefore ordinarily be conclusive upon us, the parol testimony of the defendants .could not possibly be so convincing as to destroy the mute testimony in contradiction of the written contract signed by them. So long as this contract is unexplained, a finding that the work of building the foundation walls was performed for the general contractors must be against the weight of evidence.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.